McGREGOR W. SCOTT
United States Attorney
LAUREL J. MONTOYA
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CR. NO. 02-5259 AWI |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | STIPULATION TO |
| ) | CONTINUE CONTESTED |
| FRANCIS AUSTIN O'BRIEN,  ) | PORTION OF HEARING; |
| ) | ORDER |
| Defendant.  ) | |
| _____) | |

Defendant FRANCIS AUSTIN O'BRIEN, by and through his attorney, RICHARD P. BERMAN, and the United States of America, by and through its attorneys, McGREGOR W. SCOTT, United States Attorney, and LAUREL J. MONTOYA, Assistant United States Attorney, stipulate that the date for the contested portion of the competency hearing pursuant to Title 18, United States Code, Section 4247(d) be continued and that the matter remain on calendar for January 30, 2006 at 1:30 p.m. so that administrative matters can be addressed at that time:

1. The parties cannot be ready to proceed on the date currently set as Dr. Howard Terrell, who prepared the evaluation for the court pursuant to 18 United States Code 4241 et seq., will

1

not confer with counsel until receiving direction from the court that such communication is authorized.  After receiving a subpoena from the government in this matter, Dr. Terrell told counsel for the government that he attempted to seek clarification from the court regarding communication with the attorneys and was told that he needed to contact both counsel in this case for permission. Dr. Terrell told counsel for the government that he is not opposed to meeting with counsel however he feels uncomfortable doing this without specific permission from the court.

2.  This matter needs to be addressed prior to a contested hearing on the matter so that the attorneys can effectively prepare.  Specifically, the government would like to interview Dr. Terrell concerning his report and the report submitted by defense counsel on December 2, 2005.

3.  Additional time is needed for defense counsel to secure the attendance of the witnesses who prepared the reports submitted to the court on December 2, 2005 should they need to be available for cross-examination.

4.  The parties stipulate to and request that the court grant a brief continuance to secure the attendance of the potential witnesses and to allow an opportunity to interview Dr. Terrell as set forth above.

5.  The parties further request that the matter remain calendared for January 30, 2006 at 1:30 p.m. so administrative matters related to clarifying whether Dr. Terrell may be interviewed and the issue of defense witnesses may be taken up by the court.  The parties will select a further date at that time.

//

2

6. The parties stipulate that time would be excluded under the Speedy Trial Act due to the pending motion to determine the defendant's competency, and because the ends of justice would be served by granting the requested continuance and outweigh the best interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(8)(A).

DATED: January 26, 2006                Respectfully submitted,

                                       McGREGOR W. SCOTT
                                       United States Attorney

                                       By /s/ Laurel J. Montoya
                                            LAUREL J. MONTOYA
                                            Assistant U.S. Attorney

DATED: January 26, 2006                /s/ Richard P. Berman
                                       Attorney for defendant
                                       Francis Austin O'Brien

ORDER CONTINUING CONTESTED PORTION OF HEARING

IT IS HEREBY ORDERED THAT, the matter remain on calendar for January 30, 2006 at 1:30 p.m. and that the contested portion of the competency hearing in the above entitled matter be continued to a date to be selected at the hearing presently set.

IT IS FURTHER ORDERED THAT, time shall continue to be excluded to allow all parties time to adequately prepare, due to the pending motion to determine the defendant's competency, and because the ends of justice would be served by granting the requested continuance and outweigh the best interests of the

//
//
//
//

3

public and the defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(8)(A).

IT IS SO ORDERED.

**Dated:   January 27, 2006**             /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE